IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN NEMEC**, | Case No. 3:26-cv-83-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **KELSEY KANOELANI ALAO** and **ALYSSA JADE ALAO**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

In this lawsuit involving an alleged debt, all parties are appearing *pro se* (without legal counsel). Now before the Court are Defendant Alyssa Alao's motion to dismiss, ECF 7, and Defendant Kelsey Alao's motion to dismiss, ECF 18. Also before the Court are Plaintiff's two motions to strike, ECF 17 and 25. The Court construes Plaintiff's motions to strike as his opposition to Defendants' motions to dismiss. For the reasons explained below, the Court grants the motions to dismiss and denies the motions to strike.

**A. Motions to Strike**

Plaintiff's filings in opposition to the motions to dismiss are titled as "motions to strike." A court may strike material under Rule 12(f) of the Federal Rules of Civil that contains "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[1] Because

---

[1] An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959,

PAGE 1 – ORDER

Plaintiff makes no argument about redundancy, materiality, pertinence, or scandal against Alyssa

Alao, the Court construes that motion (ECF 17) as Plaintiff's opposition to her motion to dismiss

(ECF 7). *See Meyer v. Mittal*, 2021 WL 5397472, at *1 n.1 (D. Or. Nov. 16, 2021) (construing

motion to strike as opposition to motion to dismiss). The Court considers on the merits Plaintiff's

materiality argument raised in response to Kelsey Alao's motion to dismiss (ECF 25) and

construes other arguments raised in Plaintiff's motion to strike as his opposition to her motion to

dismiss (ECF 18).

Before turning to the merits, however, the Court notes that Plaintiff cited several cases—

*Hernandez v. Cnty. of Yamhill*, 2017 WL 8793641, at *3 (D. Or. 2017), *U.S. Bank Nat'l Ass'n v.

Taylor*, 2015 WL 1393294, at *1 (D. Or. Mar. 25, 2015), *Johns v. County of Douglas*, 2013

WL 623161, at *1 (D. Or. Feb. 19, 2013), and *McNeil v. United States*, 2015 WL 3866233, at *1

(D. Or. June 22, 2015)—that do not exist. Plaintiff's false citations appear to be the result of

using an artificial intelligence ("AI") tool, such as ChatGPT. It is now well known that AI tools

"hallucinate" fake cases. *See Kruse v. Karlen*, 692 S.W.3d 43, 52 (Mo. Ct. App. 2024) (noting, in

February 2024, that the issue of fictitious cases being submitted to courts had gained "national

attention").[2] In addition, the Court notes that a basic internet search seeking guidance on whether

---

967 (9th Cir. 2014) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Fantasy, Inc.*, 984 F.2d at 1527).

[2] *See also, e.g.*, Benjamin Weiser, *Here's What Happens When Your Lawyer Uses ChatGPT*, N.Y. Times (May 27, 2023); Larry Neumeister, *Lawyers Submitted Bogus Case Law Created by ChatGPT. A Judge Fined Them $5,000*, Associated Press (June 22, 2023); Erin Mulvaney, *Judge Sanctions Lawyers Who Filed Fake ChatGPT Legal Research*, Wall St. J. (June 22, 2023); LegalEagle, *How to Use ChatGPT to Ruin Your Legal Career*, YouTube.com (June 10, 2023), https://www.youtube.com/watch?v=oqSYljRYDEM.

PAGE 2 – ORDER

it is advisable to use AI tools to conduct legal research or draft legal briefs will explain that any legal authorities or legal analysis generated by AI need to be verified.

Plaintiff opposes both Alyssa Alao and Kelsey Alao's motions on two grounds. First, Plaintiff argues, Defendants did not include a certification or representation of conferral in their motions, as is required by Local Rule 7-1(a). Although the Court may reject a motion on the ground that it fails to comply with a local rule, it declines to do so here. The record otherwise indicates that the parties have conferred throughout the litigation. Second, Plaintiff argues that, because Alyssa Alao proceeds *pro se*, she cannot represent Kelsey Alao (and vice versa). A non-attorney may only represent herself. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008).

Plaintiff also argues that Kelsey Alao's motion contains immaterial and impertinent information about settlement discussions. Plaintiff argues that settlement discussions are inadmissible evidence under Federal Rule of Evidence 408 and are immaterial to a motion to dismiss. This Court has held, however, that even if "allegations that [parties] ask the Court to strike ultimately may prove of limited evidentiary value or even inadmissible, . . . they are not [necessarily] immaterial, impertinent, or scandalous." *See Bonner v. Am. Golf Corp. of Cal., Inc.*, 2025 WL 392587, at *4 (D. Or. Feb. 4, 2025) (quotation marks omitted). Allegations about attempts to recover monies owed, even in settlement discussions, may be material or pertinent to claims of unpaid loans. Based on the latitude given to *pro se* litigants, there is not enough clarity about the claims as they stand to deem such information completely unrelated to the causes of action and the issues in question. *See Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Plaintiff's argument fails to establish a need for the allegations to be stricken.

PAGE 3 – ORDER

**B.  Alyssa Alao's Motion to Dismiss**

 **1.  Subject-Matter Jurisdiction**

Defendant Alyssa Alao moves to dismiss for lack of subject-matter jurisdiction. Plaintiff asserts that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists over civil actions when the amount in controversy exceeds $75,000 and there is complete diversity among all plaintiffs and defendants. 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Plaintiff plausibly alleges diversity jurisdiction because he alleges that there is a balance due and owing of $76,360.69, ECF 1 ¶ 21, and that each party is a citizen of a different state: Plaintiff resides in California, *id.* ¶ 1, Defendant Kelsey Alao in Oregon, *id.* ¶ 2, and Alyssa Alao in Illinois, *id.* ¶ 3. Although residency does not equate with citizenship, the Court will accept Plaintiff's allegations at this stage.

 **2.  Venue**

Alyssa Alao also moves to dismiss for improper venue, arguing that Plaintiff failed to allege that either Defendant resided in Oregon at the time of the alleged events. Such an allegation, however, is unnecessary to establish venue. Venue is proper in

> [1] a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [2] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or [3] if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, Kelsey Alao resides in Oregon, *see* ECF 1 ¶ 2, is subject to personal jurisdiction in this District, *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), and there is

PAGE 4 – ORDER

no district in which this action may otherwise be brought as provided in § 1391(b). Thus, venue is proper in this District.

### 3. Personal Jurisdiction

Alyssa Alao also moves to dismiss for lack of personal jurisdiction. When no federal statute applies regarding personal jurisdiction, the district court uses the law of the forum state to determine personal jurisdiction over nonresident defendants. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Oregon's long-arm statute is co-extensive with constitutional standards. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citing Or. R. Civ. P. 4L; *Oregon ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 384 (1982). Thus, the Court need only determine whether its exercise of personal jurisdiction over Defendant Alyssa Alao would offend constitutional due process requirements. *See Boschetto*, 539 F.3d at 1015; *Hydraulic Servocontrols*, 294 Or. at 384. Due process requires that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted).

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016. A court has general personal jurisdiction over a defendant whose contacts with the forum are "continuous and systematic" even if those contacts are wholly unrelated to the plaintiff's claims. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). If the court lacks general personal jurisdiction, it may have specific personal jurisdiction if the defendant has certain minimum contacts with the forum state, the controversy arose out of those contacts, and the exercise of jurisdiction is reasonable. *See Burger King*, 471 U.S. at 472-77. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident

PAGE 5 – ORDER

defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'"

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 287 (2014)). This means that "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. 284 (emphasis in original) (quoting *Burger King*, 471 U.S. at 475). The analysis also must look at the defendant's contacts with the forum state, and not with persons who reside there. *Id.* at 285.

There are no allegations connecting Alyssa Alao to the State of Oregon to support general jurisdiction. Nor does Plaintiff make any allegations sufficient to support specific jurisdiction. Plaintiff does not describe, for example, where the "revolving personal loan" or "account" described in the complaint were created or maintained. *See* ECF 1 ¶¶ 7, 9, 16-18. Plaintiff also does not allege that Alyssa Alao failed to repay Plaintiff from Oregon. *Id.* ¶ 10. Without *any* allegations that Alyssa Alao has had contacts with Oregon, Plaintiff has not established the "minimum contacts" necessary to satisfy due process. *See Int'l Shoe Co.*, 326 U.S. at 316. Thus, the Court does not have personal jurisdiction over Alyssa Alao and the Court grants her motion to dismiss on this basis.

### C. Kelsey Alao's Motion to Dismiss

#### 1. Amount-in-Controversy

Kelsey Alao moves to dismiss for lack of subject-matter jurisdiction because the amount-in-controversy has not been alleged in good faith. Kelsey Alao argues that even though Plaintiff alleges damages of $76,360.69, ECF 1 ¶ 14, that amount is not alleged in good faith because Plaintiff has also attempted to resolve the dispute by requesting approximately $2,000 in exchange for dismissing the case. ECF 20 ¶ 9.

When a plaintiff originally files a complaint in federal court, as Plaintiff did here, "the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus*

PAGE 6 – ORDER

*Enters.,* 231 F.3d 1129, 1131 (9th Cir. 2000). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount" of $75,000, exclusive of interests and costs. *Id*. (quotation marks omitted); *see also* 28 U.S.C. § 1332(a) (setting out required amount-in-controversy). This legal certainty standard means that "a federal court has subject matter jurisdiction unless 'upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount.'" *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Despite Kelsey Alao's argument that Plaintiff stated a willingness to resolve the dispute for less than the jurisdictional amount, that does not show that Plaintiff has pleaded that aspect of the claim in bad faith. Plaintiff's Complaint describes the calculation of the alleged amount due as having "tak[en] into account all known payments, charges, offsets, if any." ECF 1 ¶ 14. The Court does not find that as a matter of legal certainty that the Complaint fails sufficiently to allege an amount in controversy that satisfies the jurisdictional amount requirement.

### 2.  Improper Joinder

Kelsey Alao also moves to dismiss for improper joinder of parties. In his complaint, Plaintiff alleges all causes of action against both Kelsey Alao and Alyssa Alao. Kelsey Alao argues that the Defendants are improperly joined under Federal Rule of Civil Procedure 20, warranting dismissal or, alternatively, severance under Rule 21. Rule 21 states that "[m]isjoinder of parties is not a ground for dismissing an action," so Kelsey Alao's first argument fails, leaving only the possibility for severance.

Federal Rule of Civil Procedure 21 governs the misjoinder of parties and provides that "[t]he court may . . . on just terms, add or drop a party" or "sever any claim against a party" when the Court determines that defendants have been improperly joined. Fed. R. Civ. P. 21.

PAGE 7 – ORDER

In turn, Rule 20 allows for the permissive joinder of defendants in one action if (1) any right to relief is asserted against the joined defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) any question of law or fact common to both defendants will arise in the action. Fed. R. Civ. P. 20(2)(A)-(B). "Permissive joinder is to be liberally construed to promote the expeditious determination of disputes, and to prevent multiple lawsuits." *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015) (citing *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,* 558 F.2d 914, 917 (9th Cir. 1977)).

Kelsey Alao argues that she and Alyssa Alao did not meet until approximately April 2023, which means that Plaintiff's allegation of a revolving personal loan that began in January 2022 predates Alyssa Alao's relationship with both Plaintiff and Kelsey Alao. ECF 20 ¶¶ 5-7. The Court understands Kelsey Alao to be arguing that, based on to this timeline, Plaintiff's individual claims against Defendants cannot arise out of the same transactions or occurrences or involve any common questions of law and fact.

The Court, however, reads the Complaint to allege otherwise. Under both causes of action, Plaintiff alleges that both Defendants "became indebted to Plaintiff through a revolving personal loan" or "became indebted to Plaintiff for money lent to or paid out for the benefit of Defendants." *Id.* ¶¶ 7, 16. These are allegations are against both Defendants and appear not only to involve the same transactions or occurrences, but also common questions of law and fact— *e.g.*, what money was "loaned," how it was provided and apportioned, whether money was lent to both Defendants as part of a single "personal loan." Further, in both causes of action, Plaintiff explicitly alleges that "Defendants are jointly and severally liable to Plaintiff," either "for the account balance" or "for repayment of such sums under the doctrine of money lent." *Id.* ¶¶ 11,

PAGE 8 – ORDER

19. This is sufficient to satisfy Rule 20's pleading elements for permissive joinder of defendants. *Cf. Barnes v. E. & W. Lumber Co.*, 205 Or. 553, 612 (1955) (defendants who jointly receive money are jointly and severally liable). Neither dismissal nor severance under Rule 21 is proper.

### 3. Failure to State a Claim

Kelsey Alao also moves to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when a complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

PAGE 9 – ORDER

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted)

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's first claim is for "account stated." Under Oregon law, "an account stated is an agreement between persons who have had previous transactions of monetary character fixing the

PAGE 10 – ORDER

amount due in respect to such transactions and promising payment." *Portfolio Recovery Assocs., LLC v. Sanders*, 366 Or. 355, 376 (2020) (cleaned up) (quoting *Sunshine Dairy v. Jolly Joan*, 234 Or. 84, 85 (1963)). An account stated is a new contract between a lender and a borrower—an "agreement . . . that a certain amount is owing and will be paid." *Id.* (quoting same). That "agreement 'is said to be in the nature of a new promise,' and 'the consideration of the promise is the stating of the account.'" *Id.* (quoting *Truman, Hooker, & Co. v. Owen*, 17 Or. 523, 527 (1889)). *See also O'Neill v. Eberhard Co.*, 99 Or. 686, 695 (1921) (explaining that, with an account stated, the parties agree to a "final adjustment of the respective demands").

Plaintiff fails to state a claim for account stated against Kelsey Alao. The sole allegation describing any agreement reads: "On or about June 22, 2025 during a communication exchange with [Alyssa Alao], [she] stated that *despite promises made*, there was never any intent of Defendants to pay the account in full; only to make nominal payments so that monies would continue to be lent until the lending stopped." ECF 1 ¶ 13 (emphasis added). Without any other information about these "promises" in the Complaint, there is insufficient information to support a claim for account stated. Plaintiff fails to allege, for example, any facts establishing that a certain amount is owing or that Defendants have agreed with Plaintiff on the "stating of the account." *See Portfolio Recovery Assocs.*, 366 Or. at 376. Further, no allegation suggests how an amount due to Plaintiff, whatever that may be, was fixed by an account stated "in respect to" "previous transactions of monetary character" between the parties. *Sunshine Dairy*, 234 Or. at 85 (citing *Steinmetz v. Grennon*, 106 Or. 625, 634 (1923)). It is just as plausible from the facts alleged that the parties promised to pay an account but never reached mutual assent about the balance of the account. Without additional facts alleged that could speak to the elements showing

PAGE 11 – ORDER

an account stated action, Plaintiff's Complaint fails to state a claim against Kelsey Alao, even when construed with the necessary liberality.

Plaintiff's second claim is for "money lent, paid or expended." Oregon law recognizes the doctrine of money lent when if, "on its face," a complaint shows that "money was loaned," and "[a]t the time the loan was made by plaintiff as alleged, no time was fixed for the repayment thereof," the loan "is repayable on demand." *See Ricker v. Ricker*, 201 Or. 416, 421-22 (1954) (citing 58 C.J.S., Money Lent, § 3a, at 878). Although "the law imposes an obligation to repay the same," a defendant is afforded "a reasonable time" to do so, albeit while accruing "legal interest." *Bowman v. Wade*, 54 Or. 347, 352 (1909). Here, Plaintiff fails to allege whether there was a fixed time set for repayment of the loan when the loan was made, whether (as in *Ricker*) the parties entered into any oral or supplemental written agreements that may affect the payment schedules of the loan, and when Plaintiff demanded payment on the loan (*see* ECF 1 ¶ 20). Accordingly, Plaintiff fails adequately to plead a claim of account stated.

## CONCLUSION

The Court GRANTS the motions to dismiss, ECF 7 and 18, and DENIES the motions to strike, ECF 17 and 25. If Plaintiff believes in good faith that he can address the defects in this Order, he may amend his Complaint not later than April 27, 2026. Additionally, the Court DENIES AS MOOT Plaintiff's motion for extension to conduct a Rule 26 conference, ECF 22. The Court will enter a supplemental case management order as necessary if Plaintiff files an amended complaint.

**IT IS SO ORDERED.**

DATED this 10th day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 12 – ORDER